## BROWN vs. THE STATE OF GEORGIA.

1. The act of December 24, 1884, authorizing an election to be held in the county of Dekalb to decide whether intoxicating liquors should be manufactured or sold therein, provided that, if a majority of the votes cast at the election should be against such manufacture and sale, it should cease and not be further allowed, and that any person violating the provisions of the act should be punished as prescribed in §4310 of the code, "provided that this act shall not interfere with the manufacture or sale of domestic wines or cider, or wines for medicinal or sacramental purposes":
*Held*, that this act merely prevents the manufacture and sale of intoxicating liquors in that county other than domestic wines, should the result of the election be against its allowance. The act does not interfere with the manufacture and sale of domestic wines, but leaves this exactly where it stood under the law prior to the passage and adoption of this act. Therefore, where an indictment framed under this act charged the defendant with having retailed domestic wine in quantities less than one quart, but did not charge that this was done without a license, it was error to charge, in effect, that this local option act took from all parties the authority to issue a license in Dekalb county to retail domestic wines in quantities less than one quart.

2. Where, under such an indictment, the proof showed that domestic wine was sold by the drink, such a charge was erroneous, and a verdict finding the defendant guilty was contrary to law and the evidence.

October 29, 1887.

Criminal Law. Liquor. License. Verdict. Before Judge RICHARD H. CLARK. Dekalb Superior Court. August Term, 1887.

Reported in the decision.

J. CARROLL PAYNE; STEWART & HARPER, for plaintiff in error.

H. C. JONES, solicitor-general; ALEXANDER & TURNBULL, for the State.

BLANDFORD, Justice.

Brown was indicted for the violation of the local option law of the county of Dekalb. The indictment charged him with having retailed imported and domestic wines in quantities less than a quart. The act of 24th December, 1884, entitled " An act to authorize the citizens of Dekalb county to cast a vote to decide whether intoxicating liquors shall be manufactured or sold in said county," provides for an election, to be held upon the petition of a certain number of citizens, and that at such election they may endorse on their tickets, " Allowed " or " Not allowed." It further provides : " That if a majority of the votes cast at said election shall be endorsed, ' Not allowed,' and so certified by the managers as aforesaid, it shall be the duty of the ordinary immediately to give notice thereof in said public gazette, and after said notice, the manufacture and sale of all intoxicating liquors in said county shall cease and not be allowed, and any person violating the provisions of this act shall be punished as prescribed in section 4310 of the code of 1882; provided, that this act shall not interfere with the manufacture or sale of domestic wines or cider, or wines for medicinal or sacramental purposes."

1. We think that the true construction of this act is, that it merely prevents the manufacture and sale in the county of Dekalb of intoxicating liquors other than domestic wines. The act does not interfere with the manufacture and sale of domestic wines, and leaves it exactly where it stood under the law prior to the passage and adoption of this act. But under the general law, before one

could retail domestic wines in quantities less than a quart, he would have to obtain a license for that purpose from the ordinary of the county, or some person or body duly authorized to issue a license.

It will be borne in mind, however, that this indictment does not charge the plaintiff in error with having retailed domestic wine in quantities less than a quart without license. The charge is simply that he retailed it, without saying whether he did so with or without a license. The court below was of the opinion that this local option act, as applied to Dekalb county, took from all parties the authority to issue a license in that county to retail domestic wines in less quantities than one quart. We do not think so. We think the same authority exists now as existed before the passage of this act.

2. The proof offered by the State showed that the wine was sold by the drink, and that it was domestic wine. We think that the court erred in its construction of the law, and that the verdict of the jury was contrary to law and to the evidence.

Judgment reversed.